PROB 12D
(7/93)

Wodzinski

# United States District Court
## for the
### Eastern District of New York

**FILED**
2005 OCT 13 P 12:42

Request for Summons and
Modification of the Conditions or Term of Supervision

Name of Offender: Eric Johnson

Case Number: 05 CR 622

Name of Sentencing Judicial Official: The Honorable Thomas J. McAvoy, Chief U.S. District Court Judge for the Northern District of New York

Name of Current Judicial Officer: The Honorable Dora Irizarry, U.S. District Court Judge for the Eastern District of New York

Date of Original Sentence: September 7, 1999

Date of Transfer of Jurisdiction: July 2005

Original Offense: 21 U.S.C. 846, Conspiracy to Possess and Distribute Cocaine Base, a class A felony

Original Sentence: 63 months custody and 5 years supervised release with special conditions requiring participation in a substance abuse treatment program. A special assessment fee of $100 was also ordered.

Type of Supervision: Supervised Release

Date Supervision Commenced: April 30, 2004

Assistant U.S. Attorney:
To be assigned

Defense Attorney:
To be determined

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

**The defendant shall participate in the home detention program for 4 months, commencing on a date to be determined by the Probation Department. During that time, the defendant will wear an electronic monitoring device, follow electronic monitoring procedures, and if so able, pay for the costs of monitoring at the prevailing rate. The defendant will remain at his place of residence except for employment and other activities approved in advance according to a schedule to be specified by the Probation Department.**

The probation officer believes that the action requested above is necessary for the following reasons:

Dating back to 1990, this 35 year old offender has a history of selling crack cocaine. Despite this, he admitted only experimental drug use when the presentence report was prepared in 1999. Consequently, Chief Judge McAvoy (ND/NY) ordered the offender to undergo a substance abuse evaluation and complete treatment as ordered. Upon the offender's release from the custodial portion of his sentence in 2004, he was referred to an out-patient treatment program. Because he denied any drug history, the program concluded that he did not require further treatment. The Probation Department collected a urine specimen on February 10, 2005, however, which tested positive for marijuana. When interviewed, the offender admitted to smoking the drug with friends at a party. He was immediately referred back to the treatment program for counseling.

Almost immediately, counselors reported that the offender's motivation for treatment was suspect and described his participation as poor. The undersigned conducted an intervention with the offender after he began missing scheduled counseling sessions. During this meeting, a written reprimand was issued to him warning that continued non-compliance would result in our Department requesting sanctions against him. For a short time, his attendance improved but eventually, he began consistently missing sessions again which led to the offender being discharged as a program failure. Incredulously, the offender now claims that he did not smoke marijuana in February, adding that he tested positive because he was with several others who were smoking the drug in a car.

This Department is now respectfully requesting that the Court schedule a hearing to modify the conditions of supervised release and impose a four month term of home confinement. This sanction would serve a two-pronged approach to the offender's non-compliance (drug use, failing to participate in treatment, associating with those using illegal drugs). First, it would restrict his leisure time activities and promote a more stable and structured setting in which he can focus on legitimizing his self-employed status (he is an unlicensed home contractor). Secondly, it serves as a punitive sanction for failing to abide by several of the Court's standard and special conditions of supervised release. Notably, the offender did not want to appear before Chief Judge McAvoy and was willing to give his consent to this proposed modification. However, once he determined that the jurisdiction in this case had been transferred to this Court, he decided to withdraw that consent.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted:

by

_____
Christopher Wodzinski
Senior U.S. Probation Officer

_____
George V. Doerrbecker
Deputy Chief U.S. Probation Officer
Date: 10-5-05

---

THE COURT ORDERS:

☐ No action.
☒ The issuance of a summons.
☐ Other: _____

_____
Signature of Judicial Officer USDJ EDNY

October 7, 2005
Date