PROB 12D
(7/93)

Wodzinski

# United States District Court

## for the

## Eastern District of New York

RECEIVED
in Chambers of:
U.S. District Judge
DORA L. IRIZARRY

JUN 2 0 2006

### Request for Summons and
### Modification of the Conditions or Term of Supervision

Name of Offender: Eric Johnson     Case Number: 05 CR 622

Name of Sentencing Judicial Official:   The Honorable Thomas J. McAvoy, Chief U.S. District Court Judge
for the Northern District of New York

Name of Current Judicial Officer: The Honorable Dora Irizarry, U.S. District Court Judge
for the Eastern District of New York

Date of Original Sentence: September 7, 1999

Transfer of Jurisdiction: July 2005

Original Offense:   21 U.S.C. 846, Conspiracy to Possess and Distribute Cocaine Base, a class A felony

Original Sentence:   63 months custody and 5 years supervised release with special conditions requiring participation in a substance abuse treatment program. A special assessment fee of $100 was also ordered.

Sentence Modified:   November 1, 2005: In response to the offender's drug use, failure to attend scheduled substance abuse treatment sessions, and, his failure to maintain legitimate employment, the Court ordered the offender to serve a four month curfew (to be monitored through voice recognition software) and also imposed a search condition on his person and residence.

Type of Supervision: Supervised Release          Date Supervision Commenced: April 30, 2004

Assistant U.S. Attorney: Nicole Boeckman, Esq.     Defense Attorney: Michael Golub, Esq. (Appointed)
==========================================================================

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

**The offender shall reside in a community corrections center (CCC) for a period of six months during which time, the offender shall not be permitted to leave the facility except for legitimate employment work, religious observance, or other acceptable reasons as determined by the Probation Department. The offender shall abide by all the rules and regulations of the CCC, which shall include a subsistence payment to the facility based upon income earned.**

The probation officer believes that the action requested above is necessary for the following reasons:

As a result of several instances of non-compliance, this 37 year old offender appeared before Your Honor on November 1, 2005 and had his conditions modified to include a four month curfew. At his request, voice recognition software was used to monitor his compliance with the curfew. The curfew commenced the day of the last hearing and ended four months later, on March 1, 2006, as per the Court's order. It can hardly be said to have been successfully completed. On the contrary, the offender consistently failed to answer calls to the residence between 9 p.m. and 6 a.m. - the time he was required to be home. Our Department's repeated attempts to conduct interventions were futile. Correspondence sent to Your Honor in January 2006 requesting permission to utilize electronic monitoring in lieu of the voice recognition software was rendered moot when the offender's mother refused to allow her telephone equipment to be utilized. On several occasions, the offender and his mother claimed that the curfew was simply the probation officer's attempt to cage the offender, "like an animal." Then, during one home visit to address his continued violations, the offender grew angry and punched a hole through his bedroom wall just feet from the undersigned. A three-way intervention was conducted just days later with the offender, the undersigned, and Senior Deputy Chief U.S. Probation Officer Eileen Kelly; yet, the non-compliance continued until the curfew ended.

The offender has also refused to abide by the explicit instructions given to him by Your Honor at our last hearing. The offender had been working, allegedly on a full-time basis, as a home contractor, but without proper licensing. In addition to sheet-rocking and painting, he was also performing electrical and plumbing work. At the hearing, the undersigned expressed concern that he was working illegally, submitting no proof of income, and was failing to provide updated work sites to the Probation Department. Your Honor agreed with the undersigned and directed him to stop this work immediately and find a legitimate full-time job. Since that time, he has been given a plethora of referrals to job readiness and employment programs including two that would have guaranteed him acceptable full-time work. But, he refused them because he would not have been earning enough. Notably, he lives at home with his mother and has no expenses. The officer has also repeatedly given the offender information on how and where to legitimize his self-employed status (by securing a contractor's license through the New York City Department of Consumer Affairs). To date, he has not filed his application. When interviewed by the undersigned, the offender consistently becomes angry and claims that the government and "you people" are trying to suppress him.

In lieu of a violation proceeding against the offender, this Department is respectfully requesting that the Court order a summons for the offender to appear at a hearing to modify the conditions of his supervised release for a second time. Our office is seeking the imposition of a six month term of community confinement. This sanction would serve a two-pronged approach to the offender's continued non-compliance. First, it serves as a punitive sanction for failing to abide by the curfew that Your Honor imposed, and, for defying the clear verbal directives Your Honor gave the offender at our last hearing. This placement would also restrict his ability to continue working as an unlicensed contractor. Secondly, it will provide a structured setting in which he can focus either on legitimizing his self-employed status or finding other legitimate full-time employment. Notably, had our Department issued a Violation of Supervised Release in response to this non-compliance, the offender would have faced a Guideline custodial range of 5-11 months.

Respectfully submitted:

by _____  
Christopher Wodzinski  
Senior U.S. Probation Officer

_____  
Lawrence M. Cavagnetto  
Supervising U.S. Probation Officer  
Date:

THE COURT ORDERS:

☐ No action.

☑ The issuance of a summons.

☑ Other: _Hearing scheduled for July 14, 2006 at 10:00 a.m. to modify conditions of release. The Clerk of the Court shall send electronic notice of this hearing to all counsel._

Dora L. irizarry
Signature of Judicial Officer

June 29, 2006
Date